## TUNSTALL v. SCHOENPFLUG.

PRACTICE. *Judgment may be corrected by court. When.* Plaintiff sued in replevin for a piano, which was delivered to him under the writ. Defendant recovered. The jury fixed the value of the piano at $600, the damages at $157. The Court entered a judgment that the plaintiff return the piano, but if he failed to do so, that defendant recover of plaintiff and his surety on replevin bond the sum of $757, the value of the piano and damages assessed, thus allowing the party to return the piano, and defeat the entire money judgment, including the damages.

*Held,* under §2877 of the Code, the error is the result of mistake, and the same appears on the face of the record, and the Court should have amended the judgment so as to conform to the finding of the jury.

Case cited: Blake v. Dunn, 5 Hum., 579.
Code: §2877.

---

### FROM DAVIDSON.

---

Appeal from the Circuit Court.    ANDREW McLAIN, Judge.

T. M. FITE for plaintiff.

H. BARKSDALE for defendant.

FREEMAN, J., delivered the opinion of the Court.

Plaintiff sued in replevin for a piano, which was delivered to him under the writ. Defendant recovered. The jury fixed the value of the piano at $600, the damages at $157. The Court entered a judgment that the plaintiff return the piano, but if he failed to do so, that defendant recover of plaintiff and

his surety on replevin bond the sum of $757, the value of piano and damages assessed, thus allowing the party to return the piano, and defeat the entire money judgment, including the damages to which the defendant was entitled when the piano was returned. This was at May Term. At September Term, afterwards, a motion was made by defendant to correct the judgment, which was at first ordered, but afterwards the order vacated, from which defendant appealed to this Court.

By the Code, §2877, the Circuit, Chancery and Supreme Courts are authorized to correct any mistake or omission in the judgment or decree, where there is sufficient error apparent on the record, the papers in the cause, or entries of the presiding Judge to amend by. This Statute is very broad in its terms, and in furtherance of the ends of justice should be fairly construed, to attain the end designed. It is difficult, however, to draw the line between mistake, and simple error in a judgment. In this case, however, the verdict of the jury clearly shows that the damages were to be given in accordance with the law, independent of the return of the property. The judgment rendered in the facts, is entered, however, so as to release the damages, in the return of the property. We think we may safely go so far as to hold under the above Statute, that the error is the result of mistake, and the same appears on the face of the record, and that the Court should have amended the judgment so as to conform to the finding of the jury. Before the

Act of 1855, which was the basis of the above Section of the Code, it was held, where a judgment had been obtained against administrators, which should have been entered to be levied out of goods of intestate; but the Clerk entered the judgment to be collected out of them individually, that such a judgment could be corrected; 5 Hum., 579. The principle of this case would sustain our ruling in the case before us.

Reverse the judgment, and enter proper judgment here, with costs of the motion for the amendment.